IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NANCY L. MITCHELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:04-cv-01192-DRB |
| ) | [wo] |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Nancy L. Mitchell ("Mitchell") received a requested hearing before an administrative law judge ("ALJ"), who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court concludes that the Commissioner's decision should be affirmed.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422

(11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Mitchell, age 48 at the time of the hearing,  has not engaged in substantial gainful work activity since September 30, 1997, the alleged onset date of disability.  The ALJ determined that Mitchell has seizure disorder, peptic ulcer disease, depression, anxiety, and dependent personality disorder.  Although he described all of these conditions as "severe" impairments, after considering them individually and in combination, he concluded that they did not meet or equal in severity any

impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P. The ALJ deemed Mitchell's allegations of pain and functional limitations not fully credible. The ALJ determined that she retained the residual functional capacity ("RFC") to perform her past relevant work as an order processor. Accordingly, the ALJ concluded that Mitchell is not disabled.[1]

### III.  ISSUES

Mitchell specifies four issues for this judicial review:

1. Substantial evidence does not support the ALJ's decision Ms. Mitchell's ulcer disease can be controlled with medication.

2. The ALJ failed to base his credibility evaluation on substantial evidence.

3. The ALJ improperly employed "failure to follow prescribed treatment" as a basis for denying Ms. Mitchell's claim.

4. The ALJ improperly rejected the opinion of Dr. Rush, Ms. Mitchell's treating physician.[2]

### IV.  DISCUSSION

Mitchell grounds her appeal on error in the ALJ's evaluation of her peptic ulcer disease as a non-disabling severe impairment. All of the four issues specified as error are interrelated: whether this impairment is controlled with medication; Mitchell's alleged non-compliance with prescribed treatment; the ALJ's rejection of the disability opinions of her treating doctor; and the credibility of Mitchell's allegations of disabling pain. As now discussed, the court concludes that substantial

---

[1] R. 26. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] Plaintiff's Brief ("*Pl.'s Br.*") at 1-2 (Doc. 10, filed May 9, 2005).

evidence supports the ALJ's findings with respect to each issue, and his analysis reflects a proper interpretation of the governing law.

evidence supports the ALJ's findings with respect to each issue, and his analysis reflects a proper interpretation of the governing law.

### A. Medication Control

The record amply supports the ALJ's finding of " no evidence to suggest that [Mitchell's] ulcer disease is not controllable with medication."[3] The ALJ highlighted correctly corroborative notations by Mitchell's two treating physicians.

Mitchell sought treatment first from Dr. Gilbert, on December 11, 1997, and by her next visit on October 14, 1998, she reported "doing well" until the last few months; by December 23, 1998, she "was doing a whole lot better" with her ulcer "maybe 85 to 90% healed on high dose Prilosec."[4] East Alabama Medical Center records document the ALJ's report that "because the claimant stopped taking her medication [around] January 20, 1999,...she experienced recurrence of her symptoms and required hospitalization in February 1999."[5] Also correctly reported by the ALJ are the opinions of Dr. W. Dwain Rush, another treating doctor: Mitchell was "doing better with the ulcer disease" on April 6, 1999, and in November and December 2000, reported continued improvement arising, in part, from her use of prescribed medication.[6]

---

[3] R. 22.

[4] R. 407, 409.

[5] R. 22; see also R.146-150.

[6] R. 22-23; see also R. 414. Though Mitchell testified on July 30, 2002, that she sees Dr. Rush every four months, the record includes no treatment records relevant to her peptic ulcer disease after December 27, 2000. She acknowledged that her current medication, taken for almost a year, "has helped" and "seems to like it's helping a little bit better." ( R. 558, 561).

**B.     Credibility Assessment**

Mitchell attacks the ALJ's consideration of her allegations of disabling stomach pain because he purportedly ignored (a) the objective medical testing and her multiple hospitalizations and (b) her treating doctor's records and opinion. The Commissioner responds that the ALJ discredited Mitchell's subjective complaints adequately by documenting the absence of objective medical support, her failure to follow prescribed treatment, the controlling effect of medication, and daily activities inconsistent with pain complaints.[7]

In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test, showing: (1) evidence of an underlying medical condition; and *either* (a) objective medical evidence confirming the severity of the alleged pain; *or* (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A disability finding may be grounded solely on a claimant's subjective testimony supported by medical evidence that satisfies the pain standard. *Foote v. Chater*, 67 F. 3d 1553, 1561 (11th Cir. 1995). The ALJ must articulate explicit and adequate reasons for discrediting the claimant's allegations. *Dyer*, 395 F. 3d at 1210.

The court readily concludes on this record that the ALJ applied properly this controlling law and clearly articulated a credibility finding bolstered by substantial evidence. The ALJ summarized as follows Mitchell's subjective allegations of disabling pain:

---

[7]*Pl.'s Br.* at 13; *Def.'s Br.* at 6-8.

> The claimant testified that she also had problems with ulcers and that, between August 1999 and December 1999, she went to the hospital 28 times. She testified that her symptoms included pain in her stomach, nausea and vomiting. The claimant testified that heat and stress worsened her stomach problems and that she had trouble bending. She stated that she could not stoop long, walk less than a block, and stand no more than thirty minutes, and lift and carrying no more than 20 pounds, due to stomach pain...The claimant testified that her daily activities included eating, taking medication, sitting on the couch, watching television, washing dishes, and lying on the couch. She testified that she spent most of the day lying down.[8]

As explained *supra*, substantial evidence supports the ALJ's determination that Mitchell's peptic ulcer disease may be controlled by medication,[9] and as discussed *infra*, the ALJ properly considered her treating doctor's opinions. As the ALJ noted, no medical evidence substantiates Mitchell's allegations of physical limitations. Notably, her treating physician, Dr. Rush, did not ground his March 2002 opinion that Mitchell was unable to work on any physical limitations but rather "secondary to absenteeism".[10] The ALJ deemed inconsistent Mitchell's allegations of pain and her testimony of daily housework, shopping, significant care for elderly family members, and visits to Mexico. While the ALJ may not deny disability benefits based solely upon a claimant's ability to perform minimal daily activities, *see Lewis v. Callahan*, 125 3d 1436, 1441 (11th Cir. 1997), it is unquestioned that he may consider a claimant's daily activities. 20 C.F.R. §404.1529; Social Security Ruling 96-7p; *see also Macia v. Bowen*, 829 F. 2d 1009, 1012 (11th Cir. 1987); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1337-38 (M.D. Ala. 2001).

---

[8]R. 19.

[9]The ALJ also considered the effect of Mitchell's noncompliance with prescribed medication. Hospital records confirm her report that she stopped, around January 20, 1999, taking the medication prescribed for her peptic ulcer disease. (R.146-150).

[10]R. 526.


Mitchell can disagree with how the ALJ weighed the relevant evidence, but the court cannot re-weigh the evidence. *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986); *McCray,* 175 F. Supp. 2d at 1338. Nor can the court decide the facts anew or substitute its judgment for that of the ALJ. *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004). Because substantial evidence supports the ALJ's credibility determination, remand is not warranted.

### C. Non-compliance with Prescribed Treatment

The ALJ considered Mitchell's noncompliance with prescribed treatment as one factor in his credibility determination. Because the court finds the ALJ's overall assessment undergirded by substantial evidence, any failure to investigate any good cause for her noncompliance, including her inability to afford treatment, does not constitute reversible error. *Ellison v. Barnhart*, 355 F. 3d 1272 (11th Cir. 2003) (no reversible error for ALJ's failure to consider claimant's ability to afford medication because ALJ non-disability determination was not solely based on claimant's noncompliance but on testimony of a vocational expert that claimant could do other work and ALJ discredited claimant's testimony primarily on fact that he worked in spite of impairments and used alcohol which aggravated his condition); *see also Tomasino v. Apfel*, No. 97-0827-BH-G, 1999 U.S. Dist. LEXIS 17089, at *10-*13 (S.D. Ala. Oct. 1, 1999) (upholding ALJ's credibility determination that was not based solely on claimant's sporadic treatment and noting that there is "[n]o known Eleventh Circuit case [that] has held that a plaintiff's poverty precludes reliance on her failure to receive medical treatment in gauging credibility of her complaints of pain").

### D. Treating Doctor's Opinions

Mitchell disputes the adequacy of the ALJ's stated reasons for affording no weight to the opinions of her treating physician, Dr. W. Dwain Rush, regarding her ability to engage in substantial

7

gainful work activity.  Guided by the well-settled law acknowledged by the parties,[11] the court concludes that Mitchell's complaint lacks merit.

The ALJ stated clearly and concisely his reasons for rejecting Dr. Rush's opinions of Mitchell's disabling peptic ulcer disease:

> [Dr. Rush] reported in March 2002 that he believed the claimant was unable to work because of her ulcer disease, as it has been resistant to therapy on an ongoing basis. However, there is no clinical evidence that her ulcer has been resistant to therapy on an ongoing basis.  On the contrary, it appears that the claimant's ulcer disease has been controllable with therapy as long as she maintains compliance with therapy, and that her ulcer disease has been primarily related to stress and her noncompliance. However, despite the fact the claimant has been prescribed medication to help alleviate her symptoms of anxiety and depression, she had also been noncompliant with that medication as well.  Dr. Rush's statements at times that the claimant has been unable to work are unsupported by his treating records as a whole, and with the claimant's other medical records as a whole. In November 2000, Dr. Rush reported that claimant looked "excellent" and, in December 2000, he reported that, when she was not under stress, she did "great."  He reported that the claimant was on four Prilosec per day and that this had really helped.  It is clear from the claimant's medical records as a whole that her ulcer disease is controllable with appropriate medication and with compliance with that medication.[12]

Mitchell does not undermine this specification by the ALJ of inconsistencies in Dr. Rush's own records which do not bolster his opinion of Mitchell's inability to work. She maintains, instead, that the ALJ: (1) "cited not substantial or meaningful basis for rejecting Dr. Rush's opinion but rather

---

[11]Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *Phillips v. Barnhart,* 357 F. 3d 1232, 1241(11th Cir. 2004); *Lewis v.* Callahan, 125 F.3d 1436, 1439-1441 (11th Cir. 1997).  Good cause exists if the opinion is not bolstered by the evidence, the  evidence supports a contrary finding, or the opinion is conclusory or inconsistent with  the physician's own medical records. *Phillips*, 357 F. 3d at 1241-42; s*ee also* 20 C.F.R. § 404.1527 (d).  The ALJ must give "explicit and adequate reasons for rejecting the opinion of a treating physician." *Elam v. Railroad Retirement Board*, 921 F. 2d 1210, 1215 (11th Cir. 1991).

[12]R. 22-23.

made reference to only the flimsiest of evidence such as a statement by the claimant to Dr. Gilbert in 1997 that two or three Prilosec at a time help control her symptoms"; (2) "focused on isolated statements made during periods of improvement and ignored the overwhelming weight of evidence that...her peptic ulcer disease...was difficult to control, intractable and required repeated hospitalizations and emergency room visits"; (3) "did not consider the factors set forth in 20 CFR 404.1527" and (4) "determined [her] ability to work based on his own interpretation of the bare medical record" in the absence of opinions by other treating or examining physicians.[13]

Mitchell's contentions merit short shrift. The ALJ pinpointed as inconsistent with Dr. Rush's March 27, 2002 opinions of disabling peptic ulcer disease both his November 13, 2000 office record, in which he reported that Mitchell "looks great", "is having no nausea", "is taking four Prilosec per day and four Carafate daily", and "looks excellent" and his office note for December 27, 2000 reflecting: "[Mitchell] is doing much better. When she is not under stress, she does great. She is on Prilosec four a day. This has really helped. She is not having a lot of abdominal pain now."[14] Contrary to Mitchell's claim, the ALJ acknowledged Mitchell's multiple hospitalizations until mid-2000 for treatment of her ulcer disease and related symptoms, but concluded that there "is no clinical evidence that her ulcer disease has been resistant to therapy on an ongoing basis."[15]  Despite Dr. Rush's opinion in March 2002 that Mitchell is disabled due to her "resistant and recurrent ulcer disease", as the Commissioner correctly notes, the record contains no contemporaneous treatment

---

[13]*Pl.'s Br.* at 18-20.

[14]R. 414.

[15]R. 22.

notes to support this opinion.[16]

As the Commissioner correctly notes, "the question of whether a claimant is disabled is an issue reserved to the Commissioner, not to a physician."[17]  Assessment of RFC falls squarely within the ALJ's province, but it must be based upon all relevant evidence of the claimant's ability to work despite impairments. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997).  Because the court finds substantial evidence supporting the ALJ's rejection of Dr. Rush's opinions, remand is not warranted.[18]

## V. CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's decision is supported by substantial evidence and reflects a correct application of the relevant law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**  A separate judgment is entered herewith.

Done this 23rd day of March, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[16] *Def.'s Br.* at 4.

[17] *Def.'s Br.* at 5.

[18] *See Crawford v. Comm'r of Soc. Sec.*, 363 F. 3d 1155 (11th Cir. 2004) (ALJ decision to discredit treating doctor opinion supported by substantial evidence where only three weeks after treating doctor opined that claimant is totally disabled, his records noted claimant was "improved" and "doing well"); *Johnson v. Barnhart*, 138 Fed. Appx. 186 (11th Cir. 2005)(ALJ did not error in affording less weight to treating doctor's opinion that claimant was unable to work where doctor's previous records reported claimant's ability to work and her attempt to try to work).